IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MCKINLEY W. MELANCON<br>*Plaintiff,* | § § § | **A17CV1111 SS** |
| VS. | § § § | CIVIL ACTION NO. _____<br>(JURY TRIAL DEMANDED) |
| LAURIEANN WILLIAMS and<br>PAM CARTAGE CARRIERS LLC,<br>*Defendants.* | § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, McKINLEY W. MELANCON, Plaintiff, complaining of LAURIEANN WILLIAMS and PAM CARTAGE CARRIERS LLC, Defendants, and for cause of action would respectfully show this Honorable Court and Jury as follows:

### I.
### PARTIES

1. Plaintiff McKINLEY W. MELANCON is a resident of Travis County, Texas and a citizen of Texas. Plaintiff brings this action pursuant to any and all remedies and/or capacities available at law or equity.

2. Defendant LAURIEANN WILLIAMS (hereinafter WILLIAMS) is a natural person and a resident of Oakland County, Michigan and a citizen of Michigan. Defendant WILIAMS may be served with citation at her residence, 21700 Parker Street, Farmington Hills, Michigan 48336 or wherever she may be found. Plaintiff requests citation for service upon Defendant WILLIAMS at this time.

1

3. Defendant PAM CARTAGE CARRIERS LLC (hereinafter PAM) is an Ohio Limited Liability Company with its principal place of business in Tontitown, Arizona. Defendant PAM is not registered with the State of Texas and is not licensed to do business in Texas. Defendant PAM is an interstate commercial motor carrier and operates on the roads and highways of Texas. Defendant PAM may be served with citation through its Texas process agent Douglas Fletcher, 8750 N. CENTRAL EXPRESSWAY, 16TH FLOOR, DALLAS TX, 75231 or wherever he may be found. Plaintiff MELANCON requests citation for service upon Defendant PAM CARTAGE CARRIERS LLC.

## II.
## JURISDICTION AND VENUE

4. Jurisdiction is proper in that there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00. 28 U.S.C. §§ 1332. Venue is proper pursuant to 28 U.S.C. §§ 1391 in that the events giving rise to the present litigation occurred in Travis County, Texas located within the Western District of Texas.

## III.
## FACTUAL BACKGROUND

5. On or about December 16, 2015, Plaintiff MELANCON, driving northbound on IH 35 near Oltorf Street.

6. Defendant WILLIAMS, driving a PAM commercial motor vehicle, was also traveling northbound on IH 35 near Oltorf Street. Plaintiff MELANCON began to slow down due to traffic. At this time Defendant struck Plaintiff from the rear.

7. Plaintiff MELANCON was transported by ambulance to UMC Breckinridge Hospital. Plaintiff has incurred medical expenses in addition to her hospital stay and will require additional medical treatment and incur additional medical expenses in the future.

8. At all times relevant to the present litigation, Defendant WILLIAMS was an employee of Defendant PAM.

9. At all times relevant to the present litigation, Defendant WILLIAMS was subject to the control of Defendant PAM.

10. At all times relevant to the present litigation, the motor vehicle made the basis of the present litigation driven by Defendant WILLIAMS was subject to the control of Defendant PAM.

11. On December 16, 2015, the commercial motor vehicle in question was owned by Defendant PAM.

12. On December 16, 2015, the commercial motor vehicle in question was operated by Defendant PAM.

13. On December 16, 2015, the commercial motor vehicle in question was leased by Defendant PAM.

14. On December 16, 2015, Defendant WILLIAMS was acting within the course and scope of his authority or duties to Defendant PAM when driving the commercial motor vehicle on Interstate Highway 35 Northbound.

15. Defendant WILLIAMS, while operating the motor vehicle, was negligent in many respects, each of which singularly or in combination with others, was the proximate

cause of the occurrence in question. As a result of Defendant WILLIAMS' negligence, singularly or in combination with others, Plaintiff suffered serious physical injuries.

16. Defendant PAM, in its individual capacity and as Defendant WILLIAMS' employer, was negligent in many respects, each of which singularly or in combination with others, was the proximate cause of the occurrence in question.

17. Due to the actions of Defendants, Plaintiff has been damaged in an amount that exceeds the minimum jurisdictional requirements of this Court.

## IV.
## CAUSES OF ACTION

18. Plaintiff fully incorporates herein by reference the allegations contained in paragraphs 1 through 17.

19. At the time and on the occasion in question, being on or about December 16, 2015, Defendants failed to use ordinary care by committing various acts and/or omissions which were negligent in many respects which singularly or in combination, was the proximate cause of the occurrence in question including, but not limited to:

   a. Defendant WILLIAMS had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care to properly brake while driving his vehicle. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

   b. Defendant WILLIAMS had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care to take the proper evasive action to avoid a collision with another vehicle. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

   c. Defendant WILLIAMS had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care

to turn his vehicle so that she may avoid collision with Plaintiff. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

d. Defendant WILLIAMS had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care to keep her vehicle under proper control. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

e. Defendant WILLIAMS had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care to maintain attention, keep a proper lookout and not be distracted. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

f. Defendant WILLIAMS had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care to not drive while fatigued or asleep. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

g. Defendant WILLIAMS had a duty, and failed in that duty, to operate in accordance with the laws, ordinances and regulations of the jurisdiction in which she is operating. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

h. Defendant WILLIAMS had a duty, and failed in that duty, not to operate a commercial vehicle when her ability or alertness is so impaired or so likely to become impaired, through fatigue, illness or any other cause, as to make it unsafe for her to continue to operate a commercial motor vehicle. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

i. Defendant PAM had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care in selecting, hiring, retaining, overseeing, supervising and/or training drivers of the 18 wheeler in question. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

l. Defendant PAM had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care in selecting, hiring, retaining, overseeing, supervising and/or training employees and/or joint operators. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

m. Defendant PAM had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care to assure that drivers of 18 wheelers owned and/or controlled and/or subject to the control of the Defendant followed and/or abided by all governmental statutes, laws and regulations. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

n. Defendant PAM had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care to assure that employees and/or others controlled by and/or subject to the control of the Defendant followed and/or abided by all governmental statutes, laws and regulations. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

o. Defendant PAM had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care to abide by all government statutes, laws and regulations which define the standard of conduct of a reasonable and prudent owner, carrier and/or operator of an 18 wheeler such as the one made the basis of the present litigation. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

p. Defendant PAM had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care to assure that the operator of the 18 wheeler followed and/or abided by all policies and procedures promulgated and/or implemented by Defendant. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

q. Defendant PAM had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care in promulgating, implementing and/or enforcing safety standards and procedures. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

    r.  Defendant PAM had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care to ensure that Defendant WILLIAMS operated the 18 wheeler in question safely and appropriately. Defendants' failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff; and/or

    s.  Defendant PAM had a duty, and failed in that duty, to not let employees or others under its control operate a commercial vehicle when his/her ability or alertness is so impaired or so likely to become impaired, through fatigue, illness or any other cause, as to make it unsafe for him to continue to operate a commercial motor vehicle. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff.

20.    Plaintiff would further show that Defendant PAM violated statutes, laws and/or regulations, including but not limited to, Sections 390, 391, and 392 of the Federal Motor Carrier Safety Regulations and Section 542 of the Texas Transportation Code including, but not limited to, 542.302 and 543.303, which define the standard of conduct of a reasonable person. Violation of these statutes, laws and/or regulations is *negligence per se* and these violations proximately caused injuries and damages to Plaintiff.

21.    Plaintiff would further show that Defendant WILLIAMS violated statutes, laws and/or regulations including, but not limited to, Sections 390, 391, and 392 of the Federal Motor Carrier Safety Regulations and Section 545 of the Texas Transportation Code, including but not limited to 545.058, which define the standard of conduct of a reasonable person. Violation of these statutes, laws and/or regulations is *negligence per se* and these violations proximately caused injuries and damages to Plaintiff.

22. The Plaintiff did not cause or contribute to the collision in question, but rather the negligence and/or *negligence per se* of the Defendants proximately caused the occurrence in question.

23. By reason of the above and foregoing, the Plaintiff has been damaged in an amount within the jurisdictional limits of this Court. The Plaintiff also prays for costs of court and pre and post judgment interest as allowed by law.

## V.
## VICARIOUS LIABILITY

24. Whenever in this Complaint it is alleged that the Defendants did any act or thing, it is meant that the Defendants' agents, officers, servants, principals, vice principals, borrowed servants, employees and/or representatives did such act or thing and that at the time such act or thing was done, it was done with the authorization and/or ratification of Defendant PAM and/or was done in the normal and routine course and scope of Defendant's officers, agents, servants, principals, vice principals, borrowed servants, employees and/or representatives' duty and/or capacity. Defendant PAM is vicariously liable for the acts of their officers, agents, servants, principals, vice principals, borrowed servants, employees or/and representatives because of the employer-employee and/or principal/vice principal relationship, *respondent superior*, ostensible agency and/or agency by estoppel, and/or the borrowed servant doctrine.

25. At all times relevant to the present litigation, the 18 wheeler was owned, leased and/or subject to the control of Defendant PAM. At all times relevant to the present litigation, Defendant WILLIAMS was an employee and/or subject to the control of

Defendant PAM. At all times relevant to the present litigation, Defendant WILLIAMS was subject to the rules, policies and procedures of Defendant PAM. At all times relevant to the present litigation, Defendant PAM was responsible for the hiring, retaining, overseeing, supervising and/or training of Defendant WILLIAMS. At all times relevant to the present litigation, Defendant PAM was responsible for the promulgation, implementation and/or enforcement of all rules, policies, procedures and/or safety standards governing Defendant WILLIAMS. Therefore, under the law, Defendant PAM is responsible and liable for Plaintiff's injuries and damages.

26. Plaintiff would also show that Defendant WILLIAMS was within the course and scope of her employment, under the control and/or subject to the control of Defendant PAM and/or their agents. Therefore, under the law, Defendant PAM is responsible for the negligence of Defendant WILLIAMS and is liable for Plaintiff's injuries and damages.

27. Plaintiff would further show that at the time of the collision in question, and at all other times material hereto, the vehicle being operated by Defendant WILLIAMS was owned, operated and/or leased by Defendant PAM and/or their agents. Therefore, under the law, Defendant PAM is responsible for the negligence of Defendant WILLIAMS and is liable for Plaintiff's injuries and damages.

28. Plaintiff would further show that at the time of the collision in question, and at all other times material hereto, the truck being operated by Defendant WILLIAMS was subject to and/or under the control of Defendant PAM and/or their agents and/or employees. Therefore, under the law, Defendant PAM is responsible for the negligent use

and/or operation of the 18 wheeler made the basis of the present litigation and is liable for Plaintiff's injuries and damages.

29. Plaintiff sues Defendants, jointly and severally, for her damages as set out herein.

## VI.
## DAMAGES

30. This is an action to recover all damages provided by law and/or equity for the injuries and damages Plaintiff sustained as a result of the acts and/or omissions of Defendants and their officers, agents, partners, servants, principals, vice principals, borrowed servants, employees and/or representatives.

31. As a result of the occurrence in question, Plaintiff, McKINLEY MELANCON, sustained physical damages including but not limited to serious personal injuries, mental anguish, physical pain and suffering, impairment, disability in the past and future, and reasonable medical expenses. The Plaintiff will respectfully request the Court and Jury to determine the amount of loss the Plaintiff has incurred and will incur in the future not only from a financial standpoint but also in terms of good health and freedom from pain and worry. There are certain elements of damages provided by law that the Plaintiff is entitled to have the Jury in this case consider separately to determine the sum of money for each element that will fairly and reasonably compensate the Plaintiff for the injuries, damages and losses incurred from the date of the accident in question until the time of trial of this case, those elements of damages are as follows:

    a. The physical pain that the Plaintiff has suffered from the date of the occurrence in question up to the time of trial and in the future;

    b. The mental anguish that the Plaintiff has suffered from the date of the occurrence in question up to the time of trial and in the future;

    c. The amount of reasonable medical expenses necessarily incurred in the treatment of the Plaintiff's injuries from the date of the accident in question up to the time of trial and in the future;

    d. The loss and/or reduction of earnings and/or earning capacity sustained by the Plaintiff from the date of the occurrence in question up to the time of trial and in the future; and

    e. The physical impairment which the Plaintiff has suffered from the date of the occurrence in question up to the time of trial and in the future.

32. The Plaintiff has sustained various elements of damage, including those specified above, but not limited to those specified above, and the Plaintiff herein reserves the right to plead more specifically and to show more specifically at trial all of those elements of damage.

## VII.
## JURY DEMAND

33. Plaintiff hereby requests a jury trial and tenders the requisite jury fee.

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer, and that Plaintiff have judgment against the Defendants as follows:

1. Judgment against the Defendants for a sum established by proof at trial that is within the jurisdictional limits of this Court;

2. Actual and consequential damages;

3. Exemplary and/or punitive damages;

4. Prejudgment interest as provided by law;

5. Post judgment interest as provided by law;

6. Costs of court; and

7. All other damages, general and special, in law and in equity to which Plaintiff may show herself justly entitled.

Respectfully submitted

TRITICO RAINEY, PLLC.

Ron S. Rainey
Attorney in Charge
Federal Bar No. 10076
State Bar No. 16484425
L. James Krell
Federal Bar No. 1091708
State Bar No. 24072191
1523 Yale Street
Houston, Texas 77008
713-581-3399 Telephone
713-581-3360 Facsimile

# TRITICO ✧ RAINEY PLLC
## LAWYERS

RECEIVED
NOV 2 2 2017
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

**L. JAMES KRELL**
ASSOCIATE ATTORNEY
*jkrell@triticorainey.com*

1523 YALE ST.
HOUSTON, TEXAS 77008
(713) 581-3399 TELEPHONE
(888) 716-7860 TOLL FREE
(713) 581-3360 FACSIMILE
*www.triticorainey.com*

November 21, 2017

Clerk's Office
Western District of Texas           *Via Fed Ex*
Austin Division
501 West 5th Street
Suite 1100
Austin, Texas 78701

Re:   *McKinley W. Melancon v. Laurieann Williams and Pam Cartage Carriers LLC.*

Clerk's Office;

Enclosed is an original and copies of the following documents:

1. Plaintiff's Original Complaint;
2. Civil Cover Sheet;
3. Request for Summons for Laurieann Williams;
4. Request for Summons for Pam Cartage Carriers, LLC;
5. Motion for Admission Pro Hac Vice for Ron S. Rainey;
6. Motion for Admission Pro Hac Vice for L. James Krell;
7. Complete Application for Admission for Ron S. Rainey
8. Complete Application for Admission for L. James Krell
9. Check No. 2405 of $201.00 to cover Admission Fee for L. James Krell
10. Check No. 2404 of $201.00 to cover Admission Fee for Ron S. Rainey
11. Check No. 2408 of $400.00 to cover filing fee for Complaint
12. Check No. 2409 of $100..00 to cover Motion for Pro Hac Vice for Ron S. Rainey
13. Check No. 2410 of $100..00 to cover Motion for Pro Hac Vice for L. James Krell

At this time I am requesting to have my documents returned with a file-stamped copy and sent back to my office in the enclosed self-addressed Fed-Ex envelope. If you have any questions, please do not hesitate to contact our offices. Thank you for your attention in this matter.

Sincerely,

L. James Krell